Edward Thompson, J.
Defendant Frank Palmieri indicted with one, Michael Blake, for the crime of murder, on his motion made March 17, 1969 was granted severance. After trial by jury, a verdict of guilty of manslaughter under the first count of the indictment was found against codefendant Blake on March 28, 1969. Defendant Palmieri on May 26, 1969, after a jury trial, was found guilty of murder under both counts of the indictment.
Defendant Palmieri here seeks a transcript of the entire trial of his codefendant Blake, urging that he cannot obtain them because of his indigence and that he requires them for the protection of his constitutional rights.
Defendant relies on People v. Montgomery (18 N Y 2d 993) in which the court reversed defendant’s conviction and remitted the case to the trial court for new trial on the ground that an indigent defendant is entitled to the minutes of a preliminary hearing. The court, referring to section 206 of the Code of *544 Criminal Procedure, said at page 994: “ There is no doubt that section 206 affords one who is capable of paying for it an absolute right to a transcript of the preliminary hearing. Thus, the State cannot, consonant with the equal protection clause of the State and Federal Constitutions, deny a defendant, prior to trial, access to a transcript of a preliminary hearing because of his inability to pay (cf. People v. Jaglom, 17 N Y 2d 162, 165). We hold, therefore, that when a defendant requests a transcript and when that request is accompanied by an affidavit of indigency, the .State must honor that request.”
Clearly the relief sought herein can under no view of the facts be regarded as coming within the purview of Montgomery (supra). In Montgomery, the defendant was denied a copy of the minutes of a preliminary hearing which were necessary and pertinent to his defense while the same minutes by statute would have been available to him as a defendant if he was able to pay for them. Here, defendant Palmieri seeks not the minutes of his own trial, which were given to him at his request, but instead seeks the minutes of the trial of Ms codefendant which, as noted above, was held separately at the special instance and request of the defendant.
The defendant’s contentions are not supported by any statute nor any decision which would entitle him to minutes of a trial in wMch he was not a participant. Of a certainty this request may be placed before any appellate tribunal for its determination. Accordingly, the motion is denied.